**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRENDA VANCHURE and DANIEL VANCHURE, her husband, | CIVIL ACTION NO. 3:CV-12-1303 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| WEGMANS FOOD MARKETS, INC., | |
| Defendant. | |

**MEMORANDUM**

Presently before the Court is the Motion for Summary Judgment (Doc. 17) filed by Defendant Wegmans Food Markets, Inc. ("Wegmans"). The instant action relates to injuries sustained by Brenda Vanchure ("Mrs. Vanchure") following a slip-and-fall at a Wegmans retail grocery store in Luzerne County, Pennsylvania. Wegmans contends summary judgment in its favor is warranted because the evidence fails to establish that it had notice of the hazardous condition that caused Mrs. Vanchure to fall or that it acted unreasonably in responding to that condition. Because the evidence when viewed in the light most favorable to Plaintiffs would allow a reasonable jury to conclude that Wegmans had actual notice of the liquid on the floor prior to Mrs. Vanchure's fall and it failed to react reasonably in response thereto, the motion for summary judgment will be denied.

## I. Background

**A.   Relevant Factual Background**

On June 11, 2011, Mrs. Vanchure and her husband, Daniel Vanchure ("Mr. Vanchure") (collectively, "Plaintiffs"), went to the Wegmans retail grocery store in Wilkes-Barre, Pennsylvania. (*Compl.*, ¶¶ 4, 6; *Vanchure Dep.*, 78:8-17.) They arrived at the store at approximately 5:00 or 6:00 in the evening. (*Vanchure Dep.*, 78:5-7.) Mrs. Vanchure went into the store while Mr. Vanchure waited in their car. (*Id*. at 75:14-17.) The store was

extremely busy that day. (*Id*. at 78:25.)

Mrs. Vanchure ran into the store for toilet paper, shampoo, and soap. (*Id*. at 79:16-18.) Mrs. Vanchure did not use a wheeled cart or hand cart. (*Id*. at 80:2-4.) Rather, she carried the toilet paper like it was a tray with the soap and shampoo resting on top of the pack of toilet paper. (*Id*. at 81:23-82:11.)

After Mrs. Vanchure picked up those items and finished her shopping, she headed towards the registers which are located near the front of the store. (*Id*. at 80:18-21, 81:12, 85:3-8.) The registers were on her right side as she approached the front of the store. (*Id*. at 85:25.) On her left was the pharmacy and the front-end stand for the front-end supervisor. (*Id*. at 86:6-11.)

When Mrs. Vanchure was near the front-end supervisor stand, she fell. (*Id*. at 85:25-85:2.) Prior to falling, Mrs. Vanchure did not see what caused her to fall, and she did not see any items spill or break before falling. (*Id*. at 82:12-17, 93:21-23.)

After the fall, Mrs. Vanchure was covered with a sticky substance on both of her hands, her right pant leg, and her right knee. (*Id*. at 83:24-84:24.) Before she fell, Mrs. Vanchure did not see any employees cleaning up the substance she slipped on. (*Id*. at 87:8-14.) Mrs. Vanchure also did not see any cones or wet floor signs, nor did she see a mop or bucket at the spot where she fell. (*Id*. at 87:15-19.) Mrs. Vanchure was unaware how long the substance was on the floor prior to her fall. (*Id*. at 88:7-9.)

While Mrs. Vanchure was on the floor following the fall, she looked ahead and saw an employee mopping the floor. (*Id*. at 87:4-7.) The employee was standing in the direction Mrs. Vanchure was walking at the time she fell. (*Id*. at 93:12-20.) Next to the employee was a yellow cone indicating "wet floor." (*Id*. at 87:22-88:4.) Mrs. Vanchure did not see the employee before she fell because customers were surrounding that area. (*Id*. at 93:18-20.) She was only able to see the employee after she fell once the crowd of people near the

registers scattered. (*Id*. at 93:8-11.)  It is not clear from the record whether the employee was cleaning up the same spill which caused Mrs. Vanchure to fall or if it was a different spill.

After she fell, the front-end supervisor came over to Mrs. Vanchure very quickly. (*Vanchure Dep.*, 86:14-15.)  Mrs Vanchure testified:

> He was the first one to come towards me.  And I don't know what the people did.  I was so shocked and worked up that I couldn't believe what happened.
>
> He came to me, and he picked me up, and he said, We had a soda explosion, a soda explosion.

(*Id*. at 82:21-83:1.)  After helping Mrs. Vanchure off the floor and indicating that there had been a "soda explosion," the front-end supervisor asked if she wanted an ambulance, which she declined. (*Id*. at 95:9-10.)  The supervisor then carried her belongings to Customer Service. (*Id*. at 95:12-15, 96:8-16.)  As they walked to Customer Service, Mrs. Vanchure almost fell again, but the front-end supervisor grabbed her and prevented her from falling. (*Id*. at 94:18-23.)  The front-end supervisor commented that it must have been her shoes that almost caused the fall. (*Id*.)  Beside these discussions, Mrs. Vanchure could not recall having any other conversations with the front-end supervisor, and he did not indicate to Mrs. Vanchure how long before her fall the "soda explosion" occurred. (*Id*. at 95:18-96:7.)

At Customer Service, the front-end supervisor charged her for her purchases. (*Id*. at 98:7-10.)  Mrs. Vanchure then spoke with the night manager, and he gave her a phone number to call in the event that she had medical problems. (*Id*. at 97:2-6.)  The night manager also had Mrs. Vanchure fill out a form. (*Id*. at 97:10-11.)  The night manager asked Mrs. Vanchure about the accident, but she could not recall whether he took notes during that conversation, and she has never seen a report about her fall. (*Id*. at 97:17-23.)  Mrs. Vanchure did not have conversations with any other Wegmans' employees that day besides the night manager and the front-end supervisor. (*Id*. at 98:23-99:2.)

3

**B.     Procedural History**

As a result of the accident, Plaintiffs commenced this action in the Court of Common Pleas of Luzerne County, Pennsylvania on June 6, 2012.  In Count I of the Complaint, Mrs. Vanchure asserts a claim for negligence contending, among other allegations, that Wegmans was negligent for failing to inspect the area where she fell, failing to keep the area free from foreign substances, failing to remedy the dangerous condition created by the foreign substance on the floor, failing to warn customers about the substance on the floor, and failing to blockade the substance on the floor. (*Compl.*, ¶ 9.)  Count II of the Complaint asserts a claim by Mr. Vanchure against Wegmans for loss of consortium.

Wegmans subsequently removed the action to this Court on July 6, 2012 pursuant to 28 U.S.C. § 1332. (Doc. 1, ¶¶ 3-6.)  And, on July 10, 2012, Wegmans filed its Answer with Affirmative Defenses. (Doc. 4.)

The action proceeded to discovery.  On February 28, 2014, following the close of the discovery period, Wegmans filed the instant motion for summary judgment (Doc. 17), its brief in support (Doc. 18) and statement of facts (Doc. 19).  Plaintiffs, after obtaining an extension of time to respond to Wegmans' summary judgment motion (Doc. 28), filed their response to the statement of facts (Doc. 29) and opposition brief (Doc. 33) on April 11, 2014. On April 22, 2014, Wegmans filed its reply brief in further support of its motion. (Doc. 34.)  The motion for summary judgment is thus fully briefed and ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

4

to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57, 106 S. Ct.

2505. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505.

### III. Discussion

Mrs. Vanchure's negligence claim against Wegmans is governed by Pennsylvania law. Pennsylvania law requires proof of four elements to establish a negligence claim:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (applying Pennsylvania law). In premises liability cases, the applicable standard of care depends on the status of the guest. *See Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespassor [sic], licensee, or invitee." *Id*. (citing *Davies v. McDowell Nat'l Bank*, 180 A.2d 21 (1962); Restatement (Second) of Torts §§ 328-343B (1965)).

The parties do not dispute that Mrs. Vanchure, a customer of Wegmans, was an "invitee" at the time of her fall. *See Cresswell v. End*, 831 A.2d 673, 675-76 (Pa. Super. Ct. 2003) (invitee is defined to include "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land"); *see also Gervasio v. Chelsea Pocono Finance, LLC*, No. 10-2430, 2013 WL 5603575, at *3 (M.D. Pa. Oct. 10, 2013) (shopper at outlets is an invitee). "Possessors of land owe a duty to protect invitees from foreseeable harm." *Carrender*, 469 A.2d at 123 (citing Restatement (Second) of Torts §§ 341A, 343, 343A). The duty owed to a licensee is "the highest duty owed to any entrant upon the land." *Treadway v. Ebert Motor Co.*, 436 A.2d 994, 998 (Pa. Super. Ct. 1981). Nevertheless, "the mere existence of a harmful condition in a store nor the mere happening of an accident due to such a condition evidences a breach of the proprietor's duty of care or raises a presumption of negligence." *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. Ct. 2001).

Under Pennsylvania law, a business breaches a duty to its invitee if the business:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

*Larkin v. Super Fresh Food Mkts.*, 291 F. App'x 483, 484 (3d Cir. 2008) (citing *Carrender*, 469 A.2d at 123 (quoting Restatement (Second) of Torts §§ 343 (1965)). To establish a breach of a duty under the first prong of this test, an invitee "'must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.'" *Id*. at 484-85 (quoting *Moultrey v. Great Atlantic & Pacific Tea Co.*, 422 A.2d 593, 598 (Pa. Super. Ct. 1980). "If the plaintiff does not produce a genuine issue of material fact about the defendant causing the condition or having notice,

7

then the business did not breach its duty and summary judgment is appropriate." *Id*. at 485. Moreover, under Section 343, "[i]n order to recover damages in a 'slip and fall' case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances." *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. Ct. 1994) (citing *Moultrey*, 422 A.2d at 596).

Here, there is nothing in the record suggesting that Wegmans had "a hand in creating the harmful condition," *i.e.*, the soda on the floor. Thus, the relevant inquiry is whether Wegmans had actual or constructive notice of this hazardous condition.

In its motion for summary judgment, Wegmans argues that Plaintiffs are unable to establish that it had constructive notice of the hazardous condition because the record is devoid of facts as to how long the spill was on the floor prior to Mrs. Vanchure's fall. (Doc. 18, 6-8.) Wegmans explains that "[a]bsent evidence of the duration of time a spill remained on the floor prior to an accident, federal courts interpreting Pennsylvania law have granted summary judgment to the defendant and made clear that constructive notice of the spill cannot be inferred." (*Id*. at 6 (citations omitted).) With respect to actual notice of the hazardous condition, Wegmans asserts that there are no facts in the record that it was actually aware of the spill and nevertheless failed to exercise reasonable care to protect Mrs. Vanchure. (*Id*. at 9.) In a similar argument in its reply brief in further support of its motion, Wegmans contends that "[l]iability can only be imposed upon a store owner, in circumstances where actual notice is alleged, if the store owner is actually aware of the spill *and* fails to exercise reasonable care to protect an invitee against the danger. The record is devoid of these facts." (Doc. 34, 5 (emphasis in original).)

Plaintiffs' submissions in opposition to the summary judgment motion suggest that Wegmans had both actual and constructive notice of the hazardous condition. Plaintiffs maintain that the evidence establishes that Wegmans had actual notice of the soda on the

floor in view of the front-end supervisor's statement that there was a "soda explosion" and that a Wegmans employee was mopping the floor in an area near where she fell. (Doc. 29, ¶¶ 9-10.) Plaintiffs further assert that Wegmans acted unreasonably in view of Mrs. Vanchure's testimony that the area where she slipped was not marked with a wet floor sign and that there was nothing visible in that area indicating a hazardous condition. (*Id*. at ¶ 10.) Plaintiffs also argue that Wegmans had constructive notice of the spilled soda. Specifically, Plaintiffs contend that Mrs. Vanchure's deposition testimony establishes the "existence of a sticky substance on the floor where she fell in an area wide enough that both of her hands, held three and one-half (3 ½) feet apart as she attempted to brace her fall, became sticky." (Doc. 33, 8.)

As stated by the Third Circuit, "the issue of prior notice to the store, either actual or constructive, of an unreasonable risk of harm is more difficult to establish than establishing the presence of a foreign substance on the floor." *Felix v. GMS*, 501 F. App'x 131, 134-35 (3d Cir. 2012) (alterations omitted) (applying Pennsylvania law). "Actual notice exists if the store had been warned about the condition of the liquid on the floor beforehand." *Id*. at 135; *Sheil v. Regal Entm't Grp.*, - - - F. App'x - - -, 2014 WL 1428434, at *2 (3d Cir. Apr. 15, 2014) ("A business owner has actual notice if he knows of the condition or the condition is one which the owner knows has frequently recurred.").[1] Restated, actual notice is "'notice given directly to, or received personally, by a party.' In other words, the plaintiff must demonstrate that the defendant know of the dangerous condition and not merely that the defendant should have known of the condition." *Torres v. Control Bldg. Servs.*, No. 09-178, 2010 WL 571789, at *2 (E.D. Pa. Feb. 16, 2010) (quoting Black's Law Dictionary (8th ed. 2004)). In the context of a slip-and-fall case at a supermarket, the Third Circuit has

---

[1] Plaintiffs have not argued here that actual notice existed as a result of a condition that "frequently recurred."

indicated that actual notice can exist when a "representative of the grocery store was aware of the puddle on the floor" before the fall. *Felix*, 501 F. App'x at 135.

Constructive notice, on the other hand, depends on "'the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident.'" *Neve*, 771 A.2d at 791 (quoting *Rogers v. Horn & Hardart Baking Co.*, 127 A.2d 762, 764 (Pa. Super. Ct. 1956)). "Pennsylvania courts accredit a business with constructive notice of a dangerous condition when 'the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.'" *Larkin*, 291 F. App'x at 485 (quoting *Moultrey*, 422 A.2d at 596). Other relevant factors include:

> the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which [the] defendant, as a reasonably prudent person, had to remedy it.

*Gervasio, LLC*, 2013 WL 5603575, at *4 (quoting *Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952)). Nonetheless, "Pennsylvania courts commonly treat a plaintiff's failure to provide evidence of timing as dispositive." *Larkin*, 291 F. App'x at 485 (citations omitted).

Viewing the evidence in the light most favorable to Plaintiffs as the non-moving party, a reasonable jury could find that Wegmans had actual notice of the liquid on the floor before Mrs. Vanchure fell.[2] In particular, Mrs. Vanchure testified during her deposition that immediately following her fall, a Wegmans' supervisor approached her and indicated that there had been a "soda explosion." Mrs. Vanchure, based on the record, did not inform the supervisor of this hazardous condition. Rather, following the accident, the supervisor, on his own accord, revealed to Mrs. Vanchure, instinctively and unprompted, that there had

---

[2] Because Plaintiffs present sufficient evidence of actual notice to withstand Wegmans' motion for summary judgment, it is unnecessary to address the issue of constructive notice at this time.

been a "soda explosion" in that area of the store where she fell.  This evidence suggests that the supervisor, a Wegmans' representative, was aware that soda was on the floor in advance of the accident.  *Cf. Felix*, 501 F. App'x at 135 (employee did not have any knowledge of spill prior to the plaintiff's fall).  As such, a trier of fact could reasonably conclude that Wegmans had actual notice of the hazardous condition on the floor.[3]

Furthermore, the record viewed in the light most favorable to Plaintiffs would also allow a rationale fact finder to conclude that Wegmans failed to exercise reasonable care to protect Mrs. Vanchure from the hazardous condition.  As stated above, there is evidence in the record that Wegmans had actual notice of the "soda explosion."  Yet, despite knowledge of this danger, there were no cones or "wet floor" signs marking this hazardous condition in the location where Mrs. Vanchure fell.  Likewise, while a Wegmans employee was mopping an area of the floor near where Mrs. Vanchure fell, the record does not indicate that this was part of the same spill that caused Mrs. Vanchure to fall.  And, as testified by Mrs. Vanchure, due to the crowd near the cash registers, she was unable to see the employee cleaning the floor before she fell.  Instead, she was only able to see him mopping the floor after she fell when the line of customers near the registers scattered.  In view of this evidence, a fact finder could conclude that Wegmans failed to exercise reasonable care to protect Mrs. Vanchure from the hazardous condition.

---

[3] Wegmans argues that Plaintiffs' claim of actual notice is based only on that fact that one of its employees was cleaning up a spill in the area where Mrs. Vanchure fell.  However, Plaintiffs also contend that there is evidence of actual notice in this case based on the statements of the supervisor following her fall. (Doc. 29, ¶¶ 9-10)  Wegmans does not address this statement in any of its submissions, nor does it attempt to rebut Plaintiffs' argument that this statement is indicative of actual notice.  And, for the reasons set forth in the text, a jury could conclude that this is sufficient evidence that Wegmans had actual notice of the hazardous condition.

### IV. Conclusion

For the above stated reasons, Wegmans' motion for summary judgment will be denied.

An appropriate order follows.

May 1, 2014 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge